UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00598-GNS

NEAL MORRISION                                                                      PLAINTIFF

v.

HUMANA, INC.                                                                        DEFENDANT

**MEMORANDUM OPINION & ORDER**

This matter is before the Court upon Defendant's Motion to Dismiss (DN 9), which is ripe for adjudication. For the reasons discussed below, the motion is **DENIED AS MOOT** and the matter is **REMANDED** to Jefferson Circuit Court.

I. **BACKGROUND**

Plaintiff Neal Morrison ("Morrison"), a Medicare beneficiary, filed this action in Jefferson Circuit Court seeking compensation for an unpaid hospital bill from his Medicare provider, Defendant Humana, Inc. ("Humana"). (Notice Removal Ex. A, at 4, DN 1-2 [hereinafter Compl.]).[1] To understand the parties' relationship and the nature of this action, a brief review of the Medicare system is necessary:

Medicare beneficiaries can receive their Medicare benefits in one of two ways: (1) under Medicare Parts A and B, which provide hospital insurance and coverage to Medicare beneficiaries for medically necessary outpatient and physician services on a fee-for-service basis; or (2) under Part C, the "Medicare Advantage" option, formerly known as "Medicare + Choice."

---

[1] As Humana points out, Morrison really should have named Humana Insurance Company, rather than Humana Inc., as Defendant.

42 U.S.C. § 1395w-21(a)(1)(A)-(B). Enrollees of Medicare Advantage receive their Medicare benefits from private insurance companies called Medicare Advantage Organizations that contract with the federal Centers for Medicare and Medicaid Services ("CMS"). *See id.* §§ 1395w-21, -27; 42 C.F.R. § 422.4. More particularly, the applicable regulations provide that a Medicare Advantage Organization ("MAO") is "a public or private entity organized and licensed by a State as a risk-bearing entity (with the exception of provider-sponsored organizations receiving waivers) that is certified by CMS as meeting the [Medicare Advantage] contract requirements." 42 C.F.R. § 422.2. For those Medicare beneficiaries who chose Medicare Advantage and enroll with an MAO, CMS does not directly pay the enrollee's Medical provider (e.g., a hospital) for services provided to the enrollee. *See* 42 U.S.C. § 1395w-27(f)(1). Instead, CMS pays the MAO a fixed, monthly amount per enrollee and, as a general matter, MAOs contract with Medicare providers for the provision of services to those enrollees. *Id.* § 1395w-21(i)(1)-(2), -22, -23(f), -27.

Humana is an MAO and thus provides Medicare benefits under Part C of the Medicare Act to beneficiaries who elect to enroll in its Medicare Advantage plans. (*See* Compl. ¶ 1; Def.'s Mem. Supp. Mot. Dismiss 2, DN 9-1). Morrison elected to receive his Medicare benefits from Humana through a Humana Choice PPO Medicare Group Plan. (Compl. ¶ 1; Def.'s Mem. Supp. Mot. Dismiss 2). In September 2012, Morrison was hospitalized for 18 days. (Compl. ¶ 3). Humana initially paid the bill for this hospital stay but later rescinded payment. (Compl. ¶¶ 4-5). Unable to resolve the matter through Humana's appeal process, and being on the hook for a $25,973.25 bill, Morrison filed suit against Humana for breach of contract and bad faith. (Compl. ¶¶ 6-9, 11-15, 16-21).

Humana removed the case to this Court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). (Notice Removal 1, DN 1). Now, Humana moves to dismiss for lack of subject matter jurisdiction or, in the alternative, failure to state a claim upon which relief can be granted. (Def.'s Mot. Dismiss 1, DN 9). In support of its motion, Humana argues, respectively, that Morrison was required—but failed—to exhaust administrative remedies available through the Medicare Act and that his state-law claims are preempted by the Medicare Act. As will be explained below, the Court indeed lacks subject matter jurisdiction, but not for the reason Humana contends. Humana was not entitled to rely on 28 U.S.C. § 1442(a)(1) to remove this case in the first place.

## II.    DISCUSSION

Morrison has not filed a motion to remand. However, "[s]ubject matter jurisdiction is always a threshold determination[,]" *Am. Telecom Co., LLC v. Republic of Leb.*, 501 F.3d 534, 537 (6th Cir. 2007), and, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added); *Page v. City of Southfield*, 45 F.3d 128, 132 n.8 (6th Cir. 1995) ("We recognize that if a district court determines . . . [it] lacks subject matter jurisdiction over the case, the court can *sua sponte* remand the case to state court at any time prior to final judgment.").

Humana claims that removal was proper, and that the Court has subject-matter jurisdiction over this matter, under 28 U.S.C. § 1442(a)(1) "because Humana was acting on behalf of [CMS] as a Medicare Advantage Organization when it declined to pay claims for medical services rendered to [Morrison]." (Notice Removal 1). 28 U.S.C. § 1442(a)(1) provides:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).

Obviously, Humana is not a federal officer or agency. Rather, it contends that removal was proper under Section 1442(a)(1) because, as an MAO, it was "acting under" an "agency" or "officer of the United States[,]" namely CMS or the Secretary of Health and Human Services. (Notice Removal 4-6). In its notice of removal, Humana cites a string of district court cases, including one from this Court, for the proposition that "Medicare Advantage Organizations administering Medicare Advantage Plans under Part C of the Medicare Act are entitled to remove under the Federal Officer Statute." (Notice Removal 4-5). Noticeably absent is the Sixth Circuit's recent opinion in *Ohio State Chiropractic Association v. Humana Health Plan Inc.*, 647 F. App'x 619 (6th Cir. 2016).

In *Ohio State Chiropractic*, a group of chiropractors sued Humana in state court after Humana withheld service fees from a chiropractor for treatments provided to Humana Medicare Advantage patients over a fee dispute. *Id.* at 620-21. The chiropractors asserted claims of conversion, unjust enrichment, and breach of implied contract. *Id.* at 621. Humana used 28 U.S.C. § 1442(a)(1) to remove the case to federal court and then moved to dismiss, arguing that the chiropractors had failed to exhaust administrative remedies available through the Medicare Act. *Id.* The district court agreed and dismissed the complaint. *Id.* On appeal, however, the Sixth Circuit reversed, remanded, and instructed the district court to remand the case to state

court because it found the district court lacked subject-matter jurisdiction to decide the exhaustion issue. *Id.* at 625. Based upon a thorough review of case-law concerning when private government contractors can utilize section 1442(a)(1), the court held that "the relationship between CMS and MAOs is not so unusually close that Humana may wield the officer-removal statute." *Id.* at 621-23. While noting that several lower courts, including this Court, had reached the opposite conclusion the Sixth Circuit found that "the regulation, supervision, and control to which Humana is subject [does not] connote the sort of unusually close relationship necessary for a private contractor to 'act under' a federal agency." *Id.* at 624 (citations omitted).² Indeed, in the first paragraph of its opinion the court announced, "Humana does not act under a federal agency in its capacity as a Medicare Advantage organization." *Id.* at 620.

Technically, because *Ohio State Chiropractic* is an unpublished decision, it "is not precedentially binding under the doctrine of *stare decisis*, [and] is considered . . . for its persuasive value only." *United States v. Sandford*, 476 F.3d 391, 396 (6th Cir. 2007). Nevertheless, *Ohio State Chiropractic* is the only Sixth Circuit case to have addressed this issue and, as a result, the Court sees no reason to deviate from it. The Sixth Circuit held in no uncertain terms that MAOs cannot rely on 28 U.S.C. § 1442(a)(1) to remove cases to federal court. *Ohio State Chiropractic*, 647 F. App'x at 620, 622-24. Here, Humana used its status as an MAO to remove this case to federal court under 28 U.S.C. § 1442(a)(2). Since that statute

---

² Humana relied on many of these district court cases as support for removal. *Compare* (Notice Removal 4-5), *with Ohio State Chiropractic*, 647 F. App'x at 624 (citing *Assocs. Rehab. Recovery, Inc. v. Humana Med. Plan, Inc.*, 76 F. Supp. 3d 1388, 1391 (S.D. Fla. 2014); *Rudek v. Presence Our Lady of Resurrection Med. Ctr.*, No. 13 C 06022, 2014 U.S. Dist. LEXIS 152025, 2014 WL 5441845, at *1 & n.1 (N.D. Ill. Oct. 27, 2014); *Einhorn v. CarePlus Health Plans, Inc.*, 43 F. Supp. 3d 1268, 1270 (S.D. Fla. 2014); *Mann v. Reeder*, No. 1:10-CV-00133, 2010 U.S. Dist. LEXIS 134821, 2010 WL 5341934, at *2 (W.D. Ky. Dec. 21, 2010)).

does not confer jurisdiction in this situation, the Court lacks subject-matter jurisdiction and this case must be remanded.

### III. CONCLUSION

For the reasons discussed above, the Court lacks subject-matter jurisdiction. Accordingly, **IT IS HEREBY ORDERED** as follows:

1. This matter be **REMANDED** to Jefferson Circuit Court. The Clerk shall strike this case from the Court's active docket.

2. Defendant's Motion to Dismiss (DN 9) is **DENIED AS MOOT**.

**Greg N. Stivers, Judge**
**United States District Court**
May 26, 2017

cc: counsel of record
Jefferson Circuit Court Clerk (16-CI-04057)